J. A. McCONNAUGHEY *v.* JOSEPH F. CHAMBERS and W. R. FRALEY.

Where two persons hold debts against each other :—in the absence of any understanding between them, that the one debt shall be applied to the other,—there is no lien or equity to prevent one party from making an honest assignment of his claim, even if thereby the other is prevented from recovering *his* : This is so, even in cases of entire mutuality of debt, *therefore ;*

Where there was not such entire mutuality, and A had assigned his note without endorsement to a trustee to pay debts, and afterwards, judgments were obtained upon both notes : *Held,* that there was nothing, in the relation of the original parties at the time of the assignment, which gave B a right to claim that the trustee took A's note, subject to off-set by *his.*

*Therefore,* a motion by B, to have judgments as above, set off against each other, was denied.

Motion, to set one judgment off against another, heard by *Cloud, J.,* at Fall Term 1869 of Rowan Court.

The plaintiff, as surviving partner of the firm of J. J. & J. A. McConnaughey, had obtained judgment, upon a note given in 1857, for $1,278.86 &c., against the defendant Chambers at the above term ; and at the same term, the defendant Fraley, as trustee of Chambers, for the purpose of paying debts, had recovered judgment, upon a note given in 1863, for $1,756.00 &c., in the name of Chambers, to his use, against several parties, of whom the plaintiff, personally, and as an executor of J. J. McConnaughey, was principal. The motion was made in relation to these.

It was admitted that the one debt was due *to the firm* of McConnaughey, and that the other was due *by it,* as principal ; that both were for valuable consideration ; that Chambers, on the 9th of February 1867, had, by deed, conveyed the note due to him, (unendorsed) to Fraley, as trustee, to pay his debts, and was now entirely insolvent.

His Honor granted the order as applied for, and the defendants appealed.

McConnaughey v. Chambers and Fraley.

*Blackmer and McCorkle,* for the appellant.
*Boyden & Bailey, contra.*

Fraley is not a purchaser for value, and besides, took the note when past due; he is therefore to stand in Chambers' shoes as regards all defences that McConnaughey might have urged against the latter. *Turner* v. *Baggerley,* 11 Ire. 331; *Little* v. *Dunlap,* Bus. 40; *Harris* v. *Horner,* 1 D. and B., Eq. 455, *Holderby* v. *Blum,* 2 Id. 51.

PEARSON, C. J. In the absence of an agreement between the parties, that the one debt should be applied to the discharge of the other, we can see no principle of law upon which the Court can make the application, *to the prejudice of third persons.* The question is narrowed to this: At the time Chambers executed the deed of trust to Fraley, did McConnaughey have any lien or any equity which attached to this debt, so as to make it against conscience for Chambers to appropriate the debt to the benefit of other creditors, to the exclusion of McConnaughey?

The case is simply this: A holds a note on B; B holds a note on A for about the same amount; A sues B at common law, B had no right to plead the debt to him in bar of the action, but by statute he is allowed to do so. Still, he is under no *obligation* to plead the set-off; suppose he does not elect to do it, and assigns by deed of trust this debt and other debts, to pay other creditors, what principle of law forbids it? We know of none. This is putting the case as if the set-off might have been pleaded, if the defendant had elected to do so, and the case is certainly no stronger where, as here, it could not have been used as a legal set-off.

It short, although it seems singular that two debts should be allowed to stand without some understanding that the one should be applied to the other, still, as there was no such understanding, each party had the control of his own

debt, and neither had a lien, either in law or equity, which prevented the other from making an assignment for an honest purpose, in the exercise of the right to prefer creditors.

There is error.

This will be certified.

PER CURIAM.            Reversed.